WATSON P. AULL, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, January 24, 1898.**

Appellate Practice: AMENDMENT: FAILURE TO ACCEPT. Where after the evidence is in the trial court permits the statement filed before the justice to be amended and the defendant does not except, the appellate court will not review the action of the trial court in permitting such amendment.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Wm. S. Shirk* for appellant.

The original statement did not state facts sufficient to constitute a cause of action. It was therefore error in the court to permit any evidence to be introduced. *Vaughn v. R'y*, 62 Mo. App. 461, 467.

*Alexander Graves* for respondent.

(1) The original statement contained a good cause of action. (2) And the amended statement is by all the law in Missouri statutes, as well as reported cases, permissible. I will only quote a few: R. S. 1889, sec. 2104. Section 6347, Revised Statutes 1889, is made expressly for this case, and has received a direct construction allowing this amendment. *Vide* 23 Mo. App. 637 (at bottom), and the whole of page 638. *King v. R. R.*, 79 Mo. 328; *Dryden v. Smith*, 79 Mo. 526; *Manz v. R. R.*, 87 Mo. 280–282; *Brown v. R. R.*, 31 Mo. App. 673.

Even jurisdictional defects may be amended on app eal to the circuit court. *Vaughn v. R'y*, 17 Mo. App. 4; *Myres v. Diamond Joe Line*, 58 Mo. 199. (3) Again appellant made no objection and saved no exception to the filing of the amended statement and can not now be heard to complain thereof.

ELLISON, J.—This action was instituted before a justice of the peace. On appeal to the circuit court by defendant plaintiff obtained judgment. The suit as originally brought, was for damages alleged to have been sustained by plaintiff by reason of defendant's failure to deliver to consignees in time for the market of June 11, 1895, certain fat hogs shipped by plaintiff to Kansas City on June 10, 1895, and intended for the market of June 11. After the evidence was heard in the circuit court the plaintiff, by leave of court, filed an amended statement. The amendment consisted in adding to the allegation of a failure to deliver the words, "or to notify said stock yards company or said consignees thereof (of the arrival at Kansas City) according to defendant's usual custom."

The leave to amend was not excepted to by defendant and it therefore has no right to be heard here on that point.

The evidence fully sustained the judgment, and we have concluded,.after an examination of the entire record, that the appeal is without merit. The judgment will therefore be affirmed. All concur.